EXHIBIT

A

*BEHR V CAMPBELL, et al*
Case No.: 50-CA-014188

# IN THE CIRCUIT COURT OF THE 15thJUDICAL CIRCUIT, IN AND FOR THE PALM BEACH COUNTY, FLORIDA

**REBEKKA ANNE BEHR,**
                **Plaintiff,**             **Case No.:50-2017-CA-014188-XXXX-MB**

**v.**                                 **CIVIL ACTION SUMMONS**

**JAMES CAMPBELL, PH.D.,**       **CIVIL RIGHTS, CHILD RIGHTS**
**INDIVIDUALLY AND AS PRINCIPAL,**  **VIOLATION, AND FOR**
**SEMINOLE RIDGE COMMUNITY**     **DISCRIMINATION AGAINST CHILD**
**HIGH SCHOOL AND PALM BEACH**     **DISABILITIES, PROFESSIONAL**
**COUNTY SCHOOL DISTRICT C/O**      **MALPRACTICE AND OTHER CIVIL**
**DR. AVOSSO, SUPERINTENDENT**
                                     /

## COMPLAINT

Plaintiff, Rebekka Anne Behr, Pro Se/Pro Per, files this Complaint to sue Defendent James Campbell, Ph.D. individually and as Palm Beach County School District Principal of Seminole Ridge Community High School and the Palm Beach County School District for Complaint states:

## PARTIES

1.    Plaintiffs' Rebekka Anne Behr (Ms. Behr), has resided in Palm Beach County, Florida for over six (6) years and is a Florida resident.

2.  Defendant James Campbell, Ph.D. (Campbell) is resident of Palm Beach County, Florida for over six (6) years and is a Florida resident.

3.  Defendant, Palm Beach School District is located in Palm Beach County, Florida for over six (6) years and is a Florida School District.

*BEHR V CAMPBELL, et al*
Case No.:

## JURISDICTION AND VENUE

3.      Jurisdiction is proper in this Court because this is an action that seeks, among
other remedies, equitable relief, and Plaintiff's claim for damages exceeds $15,000, exclusive of
interests and costs, because of Defendants' tortious actions directed to Plaintiff in this Circuit.

4.      Personal jurisdiction over Defendant James Campbell, Ph.D., is proper because he
is a Florida resident.

5.      Personal jurisdiction over Defendent Palm Beach School District is proper
because the School District is located in Florida.

6.      Venue is proper in this Court because Plaintiff resides in this Circuit, and
Defendant's tortious conduct resulted in harm to Plaintiff in this Circuit. Thus, the causes of
actions in the Complaint accrued in this Circuit.

7.      Pursuant to 47.011, Florida Statutes (2007), venue is proper for this action in
Palm Beach County as the Plaintiff and Defendant reside in Palm Beach County, Florida and the
School District of Palm Beach County is located in Palm Beach County, Florida.

## LEGAL COURSE OF ACTION

Pursuant to Discrimination against Child with Disabilities "Florida Educational Equity
Act." Fla. Constitution Title XLVIII § 1000.05(1) , (2)(a), 2(e), (3)(a), (4); Discrimination:
Section 504 and ADA AA; Individuals with Disabilities Education Act (IDEA); Pursuant to
Florida State Constitution Articles, I SECTION 2, 4, 5, 9, 16, 17, 23 and 24, Article II Section 5
and 8, IX Section 1, 5; The Family Educational Rights and Privacy Act (FERPA) (20 U.S.C. §
1232g; 34 CFR) § 99.4, § 99.12, § 99.64, Principles of Professional Conduct for the Education
Profession in Florida 6A-10.081(1)(a), (b), (c), (2)(a)(1), (3), (4), (5), (6), (7), (9)(b), (1), (2),
(c)(1), (2), (4), (6), (8), (9), (14), (15); Principles of Professional Conduct for the Education
Profession in Florida and educator misconduct, Misrepresentation and Incompetence, Florida
Statutes 607.0850(c)(d),  Florida Statutes 722.628d, Florida Statutes Title XLV Chapter 768

2

*BEHR V CAMPBELL, et al*
Case No.:

Torts Negligence, Florida Statutes 768.81(1)(b), (c),  Florida Statue 827.03(1), (3), (4)(c), (6), (7)(a), (b), (d), 827.03(1)(a)(2), (b)(1), (2), (3)(c), (d), (e)(1) (2), (2)(a), (b), (c), (d) Florida Statue Chapter 39 PART I  §  39.001-39.0141, PART II . § 39.201-39.206, PART III § 39.301-39.308, PART IV, § 39.395-39.4091, PART V § 39.501-39.510, PART VI § 39.521-39.524, PART XI § 39.820-39.8298 both facially and as applied against Plaintiff, the Plaintiffs rights guaranteed them under the First, Fourth, Fifth, Sixth, Eighth, Ninth and Fourteenth Amendments to the United States Constitution the Plaintiff files this complaint.

## STATEMENT OF CASE

8.      This is an action for damages arising from the Defendants' purposefully, willfully with malice allowed Hudson (Hudson) from former Child Protective Services, Inc. to kidnap and hold hostage Plaintiff from Seminole Ridge Community High School (Seminole) without a warrant or Court Order and without any Palm Beach County Department of Children and Families Official being present, in direct violation of Federal, State and School District of Palm Beach County (District) Laws and regulations from Seminole or because of her eminent danger by attending Seminole and in direct violation of the Florida Laws Chapter 39, Federal, State Laws and District Policies to protection of a minor child on May 19, 2014 through her graduation date of May 23, 2016.

9.  Defendants' acting In Loco Parentis, refused to provide Plaintiff any protection of her legal civil rights, her legal disability rights, caused Plaintiff aggravated child abuse for refusing to protect her from Hudson and DCF.

10.     Defendants' recognized and understood the factual law and were entrusted with the safety and welfare of Plaintiff and acting In Loco Parentis with full knowledge Plaintiff suffers from Bi-Polar, OCD, Asperger's and Post Traumatic Stress Disorder and refused to provide adequate protection, counseling and refused to assist her in her education.

11.     Defendants' refused to file a missing person's report after Plaintiff failed to appear at Seminole for almost 2 weeks with no concern of her health or welfare.

12.    Upon Plaintiffs' return to Seminole, Defendants failed to provide any counseling for Plaintiff as required by Federal, State and Palm Beach District School Policies.

13.    Plaintiff maintains by Defendants failure to verify her health and welfare, she FAILED ONE COURSE AND RECEIVED BELOW HER NORMAL GRADES FOR THE LAST SEMESTER OF 2013/2014.

14.    Upon Plaintiffs' return to Seminole Defendants' denied Plaintiff any relief under the Florida Educational Equity Act, Discriminated against her by refusing to give her any assistance required under the Child with Disabilities Act.

15.    Purposely and with malfeasance, Defendants' violated section 504 and ADA AA Federal and State Laws by refusing to even verify she was mentally stable nor learned the fact DCF refused to allow her psychotropic medication causing her major withdraws, personality changes and with no way to control her Bi-Polar, Asperger's, OCD, and suffering from Post-Traumatic Stress Syndrome that the actual lack of concern and action by the Defendants herein, caused her additional stress and anxiety.

16.    Defendants with total lack of concern and heart violated their signed contract with the District under The Family Educational Rights and Privacy Act (FERPA) (20 U.S.C. § 1232g; 34 CFR) § 99.4, § 99.12, § 99.64, Principles of Professional Conduct for the Education Profession in Florida 6A-10.081(1)(a), (b), (c), (2)(a)(1), (3), (4), (5), (6), (7), (9)(b), (1), (2), (c)(1), (2), (4), (6), (8), (9), (14), (15); Principles of Professional Conduct for the Education Profession.

17.    Defendants' purposely and with malice slandered, libeled, and defamed the Plaintiff's character and her father's Louis H. Behr's (Dad) causing Plaintiff and her Dad enormous emotional and psychological pain and anguish per Florida Statutes and Constitution Title XLVI Crimes Chapter 836 Deformation: Libel: Threatening Letters and Similar Offenses factually demonstrated by the following:

I. Defendants' hearing vicious, malicious allegations from Hudson, without any further investigations required by the The Family Educational Rights and Privacy Act (FERPA) (20 U.S.C. § 1232g; 34 CFR) § 99.4, § 99.21, § 99.64, Principles of Professional Conduct for the Education Profession in Florida 6A-10.081, Principles of Professional Conduct for the Education Profession in Florida pursued a malicious deviate a§ ault of the Plaintiff and her Dad denying her required education (A procedure which violates the Plaintiffs' Civil Rights and frowned on by the Florida Supreme Court).

II. Defendants' did allow Plaintiff to be "Kidnapped" in violation of both State and Federal Laws without a warrant or a Court Order, without verifying the identity of Hudson and failed to protect Plaintiff from being in fear of her safety by two (2) oversize alleged Palm Beach Sheriff Officers (Sheriff) without identification from them.

III.     From this point on, Defendants' did purposely and WITH MALICE started abusing the Plaintiff (Aggravated Child Abuse per Fla. Stat Chapter 39) by failing as loco parentis to verify and ensure the safety of Plaintiff. Defendants' failed with malice to find out why Plaintiff was not in school for over 2 weeks in direct violation of Federal, State laws and District rules and regulations whereby failed to find out the Abuse she endorsed at the hands of Hudson and Vision Quest which included the following:

    a.  Being verbally threatened by Hudson and Jennifer Strauss from former Child Protective Services, Inc. with "Never going to school again unless you change your statement and make it against your Dad and hand over your cell phone";

    b.  Refused to allow Plaintiff to change her clothes for over three (3) days including her under garments telling her "You will never get clean clothes until you change your statement to be against your Dad".

BEHR V CAMPBELL, et al
Case No.:

  c. Defendants' with malice and intent to abuse, harm and cause severe emotional and psychological pain to Plaintiff, refused to accept clothing brought to Seminole by her Dad.

  d. Defendants then with fraud intent and to deny Plaintiff her required psychotropic medication brought to Seminole by her Dad.

  e. Defendants falsely, with malice and ill intent claimed Plaintiffs' Dad was trying to give Plaintiff drugs even though Plaintiff has not been in school for 2 days and Dad of Plaintiff request the Sheriff verify what he was bringing to the school.

  f. Defendant forced the Palm Beach School District Police (Police) to write a fraudulent statement against Plaintiffs' Dad in which to create a "No Trespass" Issuance by the Police to prevent Plaintiffs' Dad from being on Seminole property with "NO JUST CAUSE" of which did cause severe Emotional and Psychological trauma from Plaintiff.

  g. Defendants' lied to Plaintiff by telling her the Judge Ordered a "No Contact Order" against her dad of which does not exist per Judge Kathleen Kroll and never existed.

  h. Defendents' knew or should have known Hudson refusal to allow Plaintiff to attend school and school extra-curricular activities until "until you change your statement to be against your Dad"

  i. Defendants' refused to provide emotional, psychological, and educational support required by Federal and State Law for Disabled Children and Abused Children especially when Defendants' fully knew the allegations against Plaintiffs' Dad were totally false.

IV. Defendants' did make false statements to harm and cause Plaintiff emotional and

BEHR V CAMPBELL, et al
Case No.:_____

psychological pain to Palm Beach County Department of Children and Families (DCF) on the

basis Plaintiffs' Dad fought verbally with Defendants' in which to obtain a great education for

Plaintiff.


18.    Lines 1 through 17 are incorporated herein and demonstrates the Defendants', violated

with this knowledge, Defendants' in violation of the Discrimination against Child with

Disabilities "Florida Educational Equity Act." Fla. Constitution Title XLVIII § 1000.05(1) ,

(2)(a), 2(e), (3)(a), (4); Discrimination: Section 504 and ADA AA; Individuals with Disabilities

Education Act (IDEA); Pursuant to Florida State Constitution Articles, I SECTION 2, 4, 5, 9, 16,

17, 23 and 24, Article II Section 5 and 8, IX Section 1; The Family Educational Rights and

Privacy Act (FERPA) (20 U.S.C. § 1232g; 34 CFR) § 99.4, § 99.12, § 99.64, Principles of

Professional Conduct for the Education Profession in Florida 6A-10.081(1)(a), (b), (c), (2)(a)(1),

(3), (4), (5), (6), (7), (9)(b), (1), (2), (c)(1), (2), (4), (6), (8), (9), (14), (15); Principles of

Professional Conduct for the Education Profession in Florida and educator misconduct,

Misrepresentation and Incompetence, Florida Statutes 607.0850(c)(d),  Florida Statutes

722.628d, Florida Statutes Title XLV Chapter 768 Torts Negligence, Florida Statutes

768.81(1)(b), (c),  Florida Statue 827.03(1), (3), (4)(c), (6), (7)(a), (b), (d), 827.03(1)(a)(2),

(b)(1), (2), (3)(c), (d), (e)(1) (2), (2)(a), (b), (c), (d) Florida Statue Chapter 39 PART I  §  39.001-

39.0141, PART II . § 39.201-39.206, PART III § 39.301-39.308, PART IV, § 39.395-39.4091,

PART V § 39.501-39.510, PART VI § 39.521-39.524, PART XI § 39.820-39.8298 both facially

and as applied against Plaintiff, the Plaintiffs rights guaranteed them under the First, Fourth,

Fifth, Sixth, Eighth, Ninth and Fourteenth Amendments to the United States Constitution.


19.    Defendants' took this course as stated in lines 1 through 18 and incorporated herein,

Defendants' with no regards to the health, psychological and emotional well-being nor welfare of

Plaintiff and with full knowledge of the inadequate investigations by the DCF and with the fact a

Hotline Report to DCF was under investigation against Plaintiff's mother's paramour and failed

*BEHR V CAMPBELL, et al*
Case No.:_____

to offer plaintiff protection, check on her welfare, in violated Fla. Stat. Chapter 39 acting as In

Loco Parentis, further as for the following:

    a.  Ms. Brooks's paramour was having minor child C.B. watch movies in his bed under
        the covers only when NO ONE ELSE was home.

    b.  Minor child now adult, Miracle Behr was having sex with Miracle Behr's boyfriend
        in front of minor child C.B. and whom was per Court Order at Ms. Brooks's
        residence to watch over Miracle at 4:00 AM.

20.   Defendants' with this knowledge failed to protect or even offer protection to Plaintiff.
Defendents' further failed to offer counseling, failed to verify Plaintiff was physically,
emotionally and psychologically ok and ignored the plaintiff of which caused her to do poorly in
school.

21.   This is an action for damages arising from the Defendents' failure to pursue the "Best
Interest" of Plaintiff while acting in Loco Parentis caused Plaintiff her relationship with 2 of her
siblings by not ensure Plaintiff was safe and not being abused in Foster Care and simply looked
the other way.

22.   Defendents' with full knowledge the foster Care placement continually dropped
Plaintiff off late to school and continually picked her up 2 hours late after school and failed to
report or take any action to ensure her safety and continued emotional and psychological abuse.

23.   Defendents' were fully aware Plaintiff's mother abandoned all her children with
Plaintiff's Dad to be alone with her boyfriend which though very rare, mothers are not always
loving and nurturing to their children and this does occur and is an identification there is mental
i§ ues with Plaintiffs' mother, yet Defendants' maintained a close, friendly relationship with
Plaintiff's mother instead of protecting Plaintiff.

24.   Further, Defendants' knew the actions of Plaintiff's mother, living with a man and

8

*BEHR V CAMPBELL, et al*
Case No.:_____

having a sexual relationship with said man while still married to Plaintiff's Dad and then becoming pregnant with the man and refusing to file a declaration Mr. Behr was not the father, was a criminal offense at the time.

26. Plaintiff has sent her Notice of Intent to Dependents' and even called Saun Fahey, Esq. in which preparing the Defendents' of this lawsuit and to which Defendents' have ignored.

26. Defendents' learned Plaintiff's oldest sister was being raped and abused by her boyfriend yet failed to protect Plaintiff's oldest sister while attending Seminole from these assaults. The rapist has also raped numerous other Seminole, Defendents' were made aware of.

27. Dependents' are the same Dependents' that were sued by a former student for being raped in a bathroom at Seminole after Defendant' withdrew all teacher monitors from the bathroom and paid the former student $250,000.00.

28. Defendant District in another case matter filed a "Motion" claiming 9-year-old children wanted to be sexually abused by a teacher from District and the District paid them 3.5 million plus attorney fees.

29. Defendants' with total disregard for the **"BEST INTEREST"** of Plaintiff and unethical practice of falsifying information to the Sheriff and Police and numerous other agencies and private people. The falsified information used by the Defendents' was in fact known to the Defendents' as falsified and thereby the Defendents' cannot use the client/professional privilege as a reason to continue the Slander, Libelous, Defamation of Plaintiff's Character, malpractice using deceit and authority of being a licensed Educator to defend their actions.

30. As of December 16, 2017, these false and malicious statements were communicated to at least 25 third parties per the list Plaintiff has accumulated.

31. The Defendants' malicious failure to fulfil their duties as required Pursuant to

*BEHR V CAMPBELL, et al*
Case No.:_____

Articles, I SECTION 2, 4, 5, 9, 16, 17, 23 and 24, Article II Section 5 and 8, IV Article Section I
and 2, Article IX Section 1 of the State of Florida Constitution; The Family Educational Rights
and Privacy Act (FERPA) (20 U.S.C. § 1232g; 34 CFR) § 99.4, § 99.21, § 99.64, Principles of
Professional Conduct for the Education Profession in Florida 6A-10.081, Principles of
Professional Conduct for the Education Profession in Florida and educator misconduct, Florida
Statutes Title XLV Chapter 768 Torts Negligence, Florida Statute & Constitution
607.0850(c)(d), Florida Statute & Constitution Section 827.03 Florida Statutes Title XLV
Chapter 768 Torts Negligence, Florida Statute & Constitution 607.0850(c)(d), Florida Statute &
Constitution Section 827.03, Florida Statue & Constitution Chapter 39, Educator Malpractice,
Misrepresentation and Incompetence, challenging the constitutionality of certain provisions and
portions of the Child Protective Laws Chapter 39 of the State of Florida, § 827.03, 722.628d,
both facially and as applied against Plaintiff, the Plaintiffs rights guaranteed them under the
First, Second, Fourth, Sixth and Fourteenth Amendments to the United States Constitution
Plaintiff's when considered alone and without innuendo, have (a) negatively impacted the
Plaintiff and her trustworthiness and character, (b) caused Plaintiff to be subjected to distrust,
ridicule, contempt, and disgrace, (c) injured Plaintiff's reputation and goodwill in the Palm
Beach County Community located in Palm Beach, Florida and on the internet, (d)
Psychologically and Financially caused irreparable Harmed to the Plaintiff, caused Plaintiff to
distrust all authority from police/sheriff, district school teachers and authority, school counselors,
defendants' herein and especially the legal system.

32.    Because of the defendant's actions, the Plaintiff have suffered severe emotional and
psychological damages of which she suffers to this day for which defendants should compensate
Plaintiff.

33.    The defendants' have been dispersing and discussing the Plaintiff's Foster Care Issues
and her Disabilities with the Sheriff, to numerous Mental Health Professional's, to colleagues
and acquaintances, (a) knowing the DCF report was fraudulent, false or with a reckless disregard
for the truth, (b) without reasonable grounds for the Defendents' to believe the reports were true,
and (c) with intent to injure and defame Plaintiff (d) knowingly failed to protect and defend

*BEHR V CAMPBELL, et al*
Case No.:_____

Plaintiff from DCF false allegations, (e) Knowingly refused to provide necessary required by law assistance to Plaintiff.

## COUNT 1

## CIVIL RIGHTS

34.   Plaintiff incorporates by reference all allegations contained in paragraphs 1- 33 herein.

   a.  Pursuant to Fla. Constitution Article I Section 2 the Defendants' have denied Plaintiff her basic rights to enjoy and defend her rights to life, liberty and to pursue happiness and by denying assistance from her mental disabilities knowingly by refusing to notify her on May 19, 2014, failing to protect her and by allowed Hudson from former Child Protective Services, Ins to physically kidnap her from Seminole. Defendants' had no parental authorization to allow anyone to take Plaintiff from said school nor did any defendant protect her from the emotional and psychological abuse created by:

   b.  Failing to inform her she was being removed from Seminole without a court order or a warrant.

   c.  By allowing Plaintiff to become terrorized by 2 extremely large alleged Sheriff's whom came with Hudson causing immense emotional and psychological harm to Plaintiff.

   d.  Plaintiff being Bi-Polar, OCD, Asperger's and Post Trauma Stress Disorder and defendants failed to provide and secure Plaintiff.

35.   Defendents', through false statements and fabricated filings against Plaintiff and her

BEHR V CAMPBELL, et al
Case No.:_____

Dad with reports to DCF, e-mails, published and/or verbally communicated to third parties these falsehoods.

36.    Defendents' knew such false statements would likely result in material and substantial emotional and psychological harm to Plaintiff, harm Plaintiff's relationship with her siblings and nephews, harm Plaintiffs' relationships with her mother and would cause severe Psychological Damage to Plaintiff. Defendents', through copying, e-mailing and hand delivering an alleged copy of plaintiff's personal files to DCF, to numerous private individuals, government agencies, Defendant's known associates and/or colleagues is a direct violation of the Federal and the State of Florida HIPAA Laws as the Defendents' does not have any verbal or written permission from Plaintiff to see, use or distribute said medical, psychological, school documents and report.

37.    Pursuant to Fla. Constitution Article I Section 4 Defendants' have prevented the Plaintiff by terrifying her with Hudson and failing to protect her denying her the ability to her Freedom of Speech. By the Defendants' actions and lack of actions to secure Plaintiff as they were in Loco Parentis, caused such fear Plaintiff could not notify anyone of the abuses by Hudson, Child Protective Services, Inc., DCF and any counselor at Seminole.

38.    Pursuant to Fla. Constitution Article I Section 5 Defendants' prevent Plaintiff from her right to assemble with her friends and family by placing a "No Trespass" Restriction on her Dad for "No Just Cause" except to purposely harm Plaintiff and with vindictive recourse against Plaintiff's Dad for fighting for Plaintiff's rights and education of which Defendants' herein denied and refused.

39.    Pursuant to Fla. Constitution Article I Section 9 Defendants' deprived her rights to life and liberty, deprived her by allowing her to be kidnapped, threatened, abused, and tormented by Hudson with no protection or concern by Defendants' and by failing to act per the Federal State Laws and District Policies, herein, placed Plaintiff into double jeopardy for being prosecuted by Hudson and the Defendants separately.

40.    Pursuant to Fla. Constitution Article I Section 16, Defendants' denied Plaintiff her

BEHR V CAMPBELL, et al
Case No.:_____

Rights as a victim to be protected, understand what was being done to her and why and never informed why the Defendants' would allow her to be kidnapped and forced to leave all her belongings at school under Defendants' fabricated lie she would be returning that day and go home with her Dad. Defendants' failed as Loco parentis to give her legal counsel to protect her civil rights.

41.     Pursuant to Fla. Constitution Article I Section 17 Defendants' by refusing to act in Loco Parentis, as employees of the District and counsel Plaintiff in what was happening to her created excessive punishment for nothing Plaintiff did. Further Defendants' herein by REFUSING TO ALLOW HER TO SEE HER DAD and by issuing a "No Trespass" Against her dad for "No Just Cause" on the word of Hudson whom told the Defendants' that there was a "No Contact" Order issued against her Dad that was false and whereby Defendents' failed to request said order caused extreme excessive punishment without a charge against Plaintiff, caused emotion and psychological distress for Plaintiff.

42.     Pursuant to Fla. Constitution Article I Section 23 Defendants' purposely without written or verbal permission informed teachers at Seminole about what was happening to Plaintiff violating her Right to Privacy.

43.     Pursuant to Fla. Constitution Article I Section 24 Defendants' denied Plaintiff records to her college of choice, causing her severe emotional and psychological pain, denied Plaintiff right to review her records and denied her Dad the right to review all her records. Plaintiff was forced by DCF to speak to the Defendants while being held prisoner by DCF and with full knowledge by Defendents' forced Plaintiff to inform the Palm Beach School District Board how "Great" DCF and Foster Care was under force with punishments by DCF if she did not participate and while being videoed by the Defendants' and broadcasted via video throughout Palm Beach County.

44.   Pursuant to Fla. Constitution Article II Section 5 each Defendant per this section of Florida Constitution swore an Oath:

13

"I do solemnly swear (or affirm) that I will support, protect, and defend the Constitution and Government of the United States and of the State of Florida; that I am duly qualified to hold office under the Constitution of the state; and that I will well and faithfully perform the duties of (title of office) on which I am now about to enter. So help me God.",

Each Defendant violated this oath by failing to protect and defendant the Constitution and Government of the United States and of the State of Florida and failed to perform the duties of each Defendant by failing to Defend and protect Plaintiff from alleged child abuse, denial of her civil rights, by denial her of the rights under Discrimination and Section 504 for her disabilities and for neglect of the plaintiff.

45.    Pursuant to Fla. Constitution Article II Section 8, Defendents' refused to uphold and abusing the law of the United States and State of Florida by causing distrust with the Plaintiff and general public including the District Teaching Staff. For retaliation against "Whistle Blower's" for improper supervision from Superintendent's office down to the counselors at Seminole as documented by the Teacher's union and representatives.

46.    Pursuant to Fla. Constitution Article IX Section 1 the Defendants' with full intent and malice, refused adequate provisions for Plaintiff before she was kidnapped and after being held hostage by DCF. Defendants' had adequate laws to provide Plaintiff with efficient, safe, and secure environment yet by allowing Plaintiff's kidnapping and imprisonment by Hudson without PROTECTION CAUSED an unsafe and insecure environment by Defendants' for the Plaintiff. With Defendants' allowing the kidnapping of Plaintiff by Hudson without a warrant nor court order, either the DCF felt Plaintiff was in eminent danger by Seminole personnel and required immediate removal or Defendants' simply violated the Laws and rules of Federal, State and District.

47.    Defendents' failure to follow the Federal and State Laws, Failure to follow the State Rules and Regulations for Florida School Districts, failure to follow District's own Rules and Regulations false statements imputes to others conduct, characteristics, and/or conditions incompatible with the proper exercise of Plaintiffs and Personal Relationships, education, lawful business, trade, and/or profession.

her Dad from May 19, 2016 to present until her Dad filed and served the school District a subpoena for such information in violation of FERPA 20 U.S.C. § 1232g et al.

52.   Pursuant to FPCO ACT PURSUANT TO STATE OF FLORIDA 6A-10.081 Defendants' violated the State of Florida Code of Ethic's for Educational Professional's by failing to value the worth and dignity of Plaintiff by failing to protect her from harm, Defendents' failed or refused to pursue the "Truth", failed or refused to devote to Plaintiff's acquisition of knowledge (DEFENDENT'S IGNORED HER AND SIMPLY DID WHAT DCF TOLD THEM TO DO), failed or refused to NUTURE Plaintiff to become a Democratic Citizen, failed or refused  to give Plaintiff her right for freedom to learn and failed or refused to teach her

15

*BEHR V CAMPBELL, et al*
Case No.:_____

## COUNT 2

### VIOLATION OF FEDERAL FERPA ACT PURSUANT TO 20 U.S.C. § 1232G; CFR AND FPCO ACT PURSUANT TO STATE OF FLORIDA 6A-10.081

48.   Plaintiff incorporates by reference all allegations contained in paragraphs 1- 47 herein.

49.   Defendant's illegally, without a court order, turned over information to DCF from May 19, 2014 to May 23, 2015 in direct violation of Federal, State and School District Rules and regulations. Further violation of Plaintiff's civil rights for privacy and confidentiality.

50.   Defendant's refused to supply Plaintiff with any of her requested school documentation including forwarding such information to the Florida State University until Plaintiff's Dad physically went into Seminole Records Department and was informed the information would be sent right away nearly 3 months after request in writing was made and in direct violation of confidentiality as Plaintiff was over eighteen at the time and Seminole disclosed confidential information to Plaintiff's Dad.

51.   Defendants refused to provide copies of Plaintiff's records when she was a minor to

BEHR V CAMPBELL, et al
Case No.:_____

with her disabilities and psychological issues and failed or refused to treat her with her
guaranteed right of equal opportunities after she was kidnapped and held hostage by DCF.

53.   Pursuant to FPCO ACT PURSUANT TO STATE OF FLORIDA 6A-10.089(b)
Defendants' failed or refused to pursue their primary professional concern for Plaintiff and her
development potential especially with the knowledge DCF falsies and falsified documents
against Plaintiff and Defendants' refused to come to her aide professionally and as In loco
Parentis, failed to assist her in her emotional and psychologically needs and as fact caused
additional damage to her through their emotional, psychological and aggravated child abuse.

54.   Pursuant to FPCO ACT PURSUANT TO STATE OF FLORIDA 6A-10.089(c)
Defendants' failed or refused to pursue respect for Plaintiff and violated her confidence by
making false statements to the Sheriff's Office against her Dad and against her and her siblings,
making false statements to DCF against her Dad and against her and her siblings and failed with
malicious intent to strive to achieve and sustain their highest degree of conduct.

55.   Pursuant to FPCO ACT PURSUANT TO STATE OF FLORIDA 6A-10.089(2)
Defendants' not only failed the following but failed to enforce the code to revocation and/or
suspension of the Defendents' certificate as follows:

   a.   Section (2)(a)(1) Defendants failed to prevent Plaintiff from being Kidnapped by
        Kathy Judson, failed to protect Plaintiff from Harmful conditions including children
        having sexual contact in bathrooms,

   b.   Section (2)(a)(4) Defendents intentionally and with malice exposed Plaintiff to
        unnecessary embarrassment Plaintiff in front of friends, colleagues, District Staff,
        suppressed and distorted factual matter that allowed DCF to kidnap and hold
        hostage Plaintiff in her school records and in retaliation against Plaintiff's Dad,

   c.   Section (2) a)(5) defendant's intentionally and with malice and exposed Plaintiff to
        unnecessary embarrassment suppressed and distorted factual matter that allowed

DCF to kidnap and hold hostage Plaintiff in her school records and in retaliation against Plaintiff's Dad by calling her down over the loud speaker system to the counselors office to allow Hudson and 2 over-sized and intimidating alleged Sheriffs to escort her out of the building in front of friends, acquaintances, teachers, and staff for "No Just Cause", No Explanation, No warrant and no Court Order.

d.  Section (2)(a)(6) Defendents intentionally and with malice violated and denied Plaintiff's legal rights to be allowed to see, visit, and communicate with her Dad, by the statement from Hudson saying "There is a No Contact Order" of which is false and fabricated, allowing Hudson to Kidnap her and hold her hostage, without any protection as required from Defendants' and stated in this complaint herein,

e.  Section  (2)(a)(7) Defendents intentionally and with malice harassed and discriminated against Plaintiff because of her disability, sex, religion, political beliefs, family background and failed to protect Plaintiff from being harassed and discriminated against for the fact she is female, has mental health issues, has one parent that fights for her rights and another that abandoned her totally whereby the Defendants' did inform all staff at Seminole of Plaintiffs' issues and there by violated this section by causing staff to emotionally and psychologically harm her and violate the ADA Laws of Federal and Florida State government which are included in her records and violation of the HIPAA laws,

f.  Section (2)(a)(8) Defendents intentionally exploited Plaintiff by supporting DCF and not in Plaintiff's "Best Interest" to obtain favors from DCF such as having DCF belief any statements made by Defendants' against other students in District without an investigation as required by District Rules,

g.  Section (2)(a)(9) Defendants intentionally violated this section by giving true and false information to DCF without a Court Order or a warrant and with "No Just Cause",

*BEHR V CAMPBELL, et al*
Case No

h. Section (2)(a)(9)(b)(1) Defendants intentionally failed and violated Plaintiff's rights by allowing their personal dislike of Plaintiff's Dad to interfere with professional judgment as documents will show as Plaintiff when home from college, lives with her Dad.

i. Section (2)(a)(9)(b)(2) Defendants intentionally distorted facts and misrepresented facts to Hudson and DCF to harm, cause emotional and psychological harm to Plaintiff on the basis they dislike and became vindictive of Plaintiff's Dad,

j. Section (2)(a)(9)(c)(1) Defendants' intentionally failed to maintain honesty in their professional dealings on behalf of Plaintiff and did so in favor for DCF to intentionally harm Plaintiff and her family with "No Just Cause".

k. Section (2)(a)(9)(c)(6) Defendants' intentionally used coercive means and promises to employees of the District to defend DCF instead of what was in Plaintiff's "Best Interest" and caused severe emotion and psychological irreparable harm to Plaintiff.

l. Section (2)(a)(9)(c)(8) Defendants' intentionally submitted fraudulent information against the Plaintiff and her family for "No Just Cause" on the basis Plaintiff's Dad would continually object to the lack of actions by Defendants' to do what was in "Best Interest" of Plaintiff for her education especially in regard to her Disabilities covered under ADA and Section 504

m. Section (2)(a)(9)(c) (14) Defendant Dr. Campbell intentionally failed to report to appropriate authorities his own personal violations of the Florida School Code and State Board of Education Rules defined in Section 1012.795, F.S. for his inappropriate behavior and lack of action as Principal and as In Loco Parentis for failing to protect Plaintiff from Hudson and for all his fabrications to DCF with regards to Plaintiff and her family.

n. Section (2)(a)(9)(c)(15) Defendants' intentionally and with malice did issue reprisals against Plaintiff and her Dad by issuing a "No Trespass Order" with the

Sheriff's Office and the Police under Florida School Code and State Board of Education Rules defined in Section 1012.795, F.S. after Dad called the Ass't Superintendent to file a complaint against Defendant Campbell.

56. Defendents' failure to follow the Federal and State Laws, Failure to follow the State Rules and Regulations for Florida School Districts, failure to follow District's own Rules and Regulations false statements imputes to others conduct, characteristics, and/or conditions incompatible with the proper exercise of Plaintiffs and Personal Relationships, Education, lawful business, trade, and/or profession.

## COUNT 3

## VIOLATION OF FLORIDA BUSINSS CORPORATION ACT

57.    Plaintiff incorporates by reference all allegations contained in paragraphs 1 - 56 herein

58.    Pursuant to Florida Statute & Constitution Title XXXVI Chapter 607 § 607.0850(1) the Defendants' intentionally and with malice violated this Statute in "Bad Faith" and with full intention to protect themselves and not obey the Federal, Florida State and District laws, rules and regulations as stated above and incorporated herein, whereby their personal and professional indemnification of the officers, directors, employees and agents are not indemnified and allow these proceedings to go forward on a professional and individual level thereby the Plaintiff maintains each and every Defendant is required to hire their own legal counsel.

59.    Pursuant to Florida Statute & Constitution Title XXXVI Chapter 607 § 607.0850(7)(a) Plaintiff maintains the actions or lack of actions were intentional and criminal by each defendant as each Defendant signed an agreement of which states:

"I do solemnly swear (or affirm) that I will support, protect, and defend the Constitution and Government of the United States and of the State of Florida; that I am duly qualified to hold office under the Constitution of the state; and that I will well and faithfully perform the duties of (title of office) on which I am now about to enter. So help me God.",

*BEHR V CAMPBELL, et al*
Case No ·

Plaintiff maintains the Defendants' are required and have had training pursuant to DCF rules and regulations on Child Abuse and the proper procedures to ensure the safety of minor children of which Defendants' intentionally and with malice violated.

60.   Pursuant to Florida Statute & Constitution Title XXXVI Chapter 607 § 607.0850(7)(d) Plaintiff affirms her believe the Defendants' willfully encouraged and presented themselves in a conscious disregard for the "Best Interest" of the corporation and willful misconduct of District for a procedure of a judgment against the Corporation by a jury and willful misconduct against the Citizens of Palm Beach County in which to illegally fail to protect the minor children while in the Corporation's care and when acting as In Loco Parentis by allowing Defendants' to violate the Federal, Florida State Laws and the State of Florida Rules and Regulations as stated above and incorporated herein.

61.   Defendents' failure to follow the Federal and State Laws, Failure to follow the State Rules and Regulations for Florida School Districts, failure to follow District's own Rules and Regulations false statements imputes to others conduct, characteristics, and/or conditions incompatible with the proper exercise of Plaintiffs and Personal Relationships, Education, lawful business, trade, and/or profession.

## COUNT 4
### VIOLATION OF UNTIED STATES CONSTUITUIONAL AMENDMENTS

62.   Plaintiff incorporates by reference all allegations contained in paragraphs 1- 61 herein.

63.   Pursuant to United States Constitution Amendments First, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, and Fourteenth, Defendants with malice and intent to violate "Guaranteed rights" under Federal and State Law, harmed the Plaintiff and caused her immense emotional, psychological irreparable harm.

64.   Pursuant to United States Constitution First Amendment Defendants with malice and

intent to harm Plaintiff, violated her rights "Guaranteed" to her to allow her freedom of speech.
Being a minor child at the time. Defendants' acting as In Loco Parentis denied her this Basic
right knowing her family for over 5 years, knowing there was never any allegation of abuse
against her Dad. the Defendants' refused to address the Plaintiff and protect her from harm.
frightening her whereby she was afraid to speak and inform authorities of the illegal aggravated
child abuse she was living in DCF care excluding 3 Employees from "Children's Home
Society".

65.     Pursuant to United States Constitution Fourth Amendment, Defendants with malice
and intent to harm Plaintiff searched her belongings Hudson forced her to leave at Seminole
when Hudson kidnapped her with Defendants' blessings, without a warrant, court order and "No
Just or Probable Cause"

66.     Pursuant to United States Constitution Fifth Amendment, Defendants' with malice
intent violated Plaintiff's rights "Guaranteed" to her by the Federal Constitution not to be
threatened with harm physically, mentally, psychologically and emotionally to try to force her to
make" false statements" against her Dad. Defendants' did by "Double Jeopardy" try Plaintiff
after DCF lost in Court to threaten with harm physically, mentally, psychologically and
emotionally to force Plaintiff to give false statements against her Dad. Defendants' failed and
refused to identify to her, the accusers against her and her family and found without trial, her
Dad guilty denying her "Due Process"

67.     Pursuant to United States Constitution Sixth Amendment, Defendants' in collusion
with DCF denied Plaintiff her rights to a speedy trial and public trial with an impartial jury. In
fact, the Defendants' denied Plaintiff any trial for the false allegations DCF and Defendants'
made against her and her family. Plaintiff was denied her right to life. liberty. and "Due
Process" of law. further Plaintiff was denied her right to confront her accuser's.

68.     Pursuant to United States Constitution Seventh Amendment, Defendants' denied
Plaintiff her right to be tried by a Jury.

69.    Pursuant to United States Constitution Eighth Amendment, Defendants' with malice did cause Plaintiff to have "No Bail, cruel and unusual punishment by refusing as In Loco Parentis" to protect her from Hudson and DCF with "No Just Cause" simply with intent to harm and make her conform to DCF's directives. Defendents' inflicted severe emotional, psychological, and physical harm to Plaintiff by their continued failures to protect her, failed to file complaints against DCF for failures such as but not limited to, kidnapping her, holding her hostage, failing to take her to school, failure to pick her up from school, failure to take her to her extra-curricular activities and failure to be concerned for health and welfare.

70.    Pursuant to United States Constitution Ninth Amendment, Defendants' with intent and malice denied and disparaged the Plaintiff from being able to protect herself from the abuse by the Defendants' herein stated above and incorporated herein and made a part hereof as she was a minor child at the time and denied her rights solely because she was a minor child.

71.    Pursuant to United States Constitution Fourteenth Amendment Section 1 Defendants with malice intent, discrimination, violating the Federal and State of Florida ADA Act and numerous other violations stated above and made a part hereof, did deprive Plaintiff of her Guaranteed Rights for Life, Liberty, Property, Due Process of Law and Equal Protection of the Laws by the above stated facts incorporated herein and made a part hereof causing Plaintiff irreparable psychological, emotional, and physical harm.

72.    Defendents' knew their actions against the Plaintiff including false statements which contained Fraud, were Deceitful and Misrepresentation of the information imputes to others conduct, characteristics, and/or conditions incompatible with the proper exercise of Plaintiff's Personal Relationships, education, lawful business, trade, and/or profession.

## COUNT 5
## AGGREVATED CHILD ABUSE, CHILD ABUSE AND NEGLECT PER FLORIDA STATUTUE AND CONSTITUTION SECTION 827.03 AND CHAPTER 39

73.  Plaintiff incorporates by reference all allegations contained in paragraphs 1- 72

*BEHR V CAMPBELL, et al*
Case No

herein

74.   Pursuant to § 827.03(1)(a) Defendants caused aggravated child abuse by refusing to protect Plaintiff from Hudson and DCF whom had "No Just Cause" and of which Defendants' knew Plaintiff's family for five years and knew there were never any charges of child abuse especially from Plaintiff's mother, Melissa K. Brooks until mother began an illegal affair.

75.   Pursuant to § 827.03(1)(a)(2) Defendants did cause with malicious intent punished Plaintiff with full knowledge Plaintiff suffers from Bi-Polar, Asperger's and OCD by permitting the kidnapping of Plaintiff by Hudson, whom was employed by former Child Protective Service, Inc. with two extremely large alleged Sheriff's without a warrant nor a Court Order and as alleged in the above and incorporated herein and made a part hereof.

76.   Pursuant to § 827.03(1)(a)(3)(b)(1) Defendents' intentionally and with malice intent did inflict mental injury upon Plaintiff as alleged in the above and incorporated herein and made a part hereof.

77.   Pursuant to § 827.03(1)(a)(3)(b)(2) Defendants' intentionally and malice did inflict mental injury upon Plaintiff as alleged in the above and incorporated herein and made a part hereof.

78.   Pursuant to § 827.03(1)(a)(3)(b)(3) Defendants' intentionally and with malice actively encouraged Hudson and DCF in which a reasonable parent could and would conclude as not to engage in damaging acts towards Plaintiff and did inflict mental injury upon Plaintiff as alleged in the above and incorporated herein and made a part hereof.

79.   Pursuant to § 827.03(1)(a)(3)(b)(3)(c) Defendants'' intentionally and malice actively encourage Hudson and DCF in which a reasonable parent could and would conclude as not to engage in damaging acts towards Plaintiff and did inflict mental injury upon Plaintiff as alleged in the above and incorporated herein and made a part hereof.

23

*BEHR V CAMPBELL, et al*
Case No

80. Pursuant to § 827.03(1)(a)(3)(b)(3)(c) Defendents' intentionally and malice actively encouraged Hudson and DCF in which a reasonable parent could and would conclude as not to engage in damaging acts toward Plaintiff and did inflict mental injury upon Plaintiff and did by such actions as alleged in the above and incorporated herein and made a part hereof cause Plaintiff to be in extreme fear of any authority including but not limited to Police/Sheriff, Older Adults, etc.

81. Pursuant to § 827.03(1)(a)(3)(b)(3)(e)(1) Defendants' intentionally and malice did neglect and cause harm to Plaintiff by failing as In Loco Parentis status to provide Plaintiff care, supervision and services to maintain her mental health including but not limited to refusing to verify she was on her psychotropic medication as prescribed by her psychiatrist, of which a prudent person/parent considers essential for her well-being and did by such actions as alleged in the above and incorporated herein and made a part hereof.

82. Pursuant to § 827.03(1)(a)(3)(b)(3)(e)(2) Defendents' intentionally and malice failed to protect Plaintiff from Hudson, DCF and Plaintiff's mother from abuse and neglect and cause harm to Plaintiff by failing as In Loco Parentis status and did by such actions as alleged in the above and incorporated herein and made a part hereof.

83. Pursuant to § 827.03(1)(a)(3)(b)(3)(e)(2)(d) Defendents' were willfully and by culpable negligence to Plaintiff causing her severe emotional and psychological harm and did by such actions as alleged in the above and incorporated herein and made a part hereof are punishable by as provided in § 775.082, § 775.083, or § 775.084.

84. Pursuant to Florida Statute and Constitution Chapter 39 Title V Chapter 39 Defendants' intentionally and with malice did violate Plaintiff's rights in violation as stated:

a. Pursuant to § 39.00 and § 39.01(1)(a) Defendents' were willfully and by culpable negligence to Plaintiff causing her severe emotional and psychological harm by failing to provide her care, safety, and protection from Hudson and DCF by allowing her to be kidnapped and placed into an environment that did not foster healthy social,

*BEHR V CAMPBELL, et al*
Case No

emotional, intellectual, and physical development; defendants' failed to ensure her

secure and safe custody; to failed to promote the health and well-being; and failed to

prevent the occurrence of continued child abuse, neglect, and abandonment by the

Defendants', DCF and Plaintiff's mother and did by such actions as alleged in the

above and incorporated herein and made a part hereof.

b.  Pursuant to § 39.395-39.4091; § 39.501-39.510; § 39.521-39.524; § 39.6011-39.604; §
    39.621-39.6251; § 39.701-39.704; § 39.801-39.815; § 39.820-39.8298 and §
    39.901-39.908 Defendents' with assistance of Hudson and DCF violated the above
    statutes and rights of Plaintiff and did by such actions as alleged in the above and
    incorporated herein and made a part hereof.

85.  Defendents' failure to follow the Federal and State Laws, Failure to follow the State

Rules and Regulations for Florida School Districts, failure to follow District's own Rules and

Regulations false statements imputes to others conduct, characteristics, and/or conditions

incompatible with the proper exercise of Plaintiffs and Personal Relationships, Education, lawful

business, trade, and/or profession.

## COUNT 6
## NEGLIGENCE

86.  Plaintiff incorporates by reference all allegations contained in paragraphs 1- 85
herein

87.  Pursuant to Florida Statute and Constitution Chapter 81 § 768.81(1)(c); Defendants'

with ill intent and malice committed professional liability herein by the stated allegations stated

above and included herein and made a part hereof in which caused Plaintiff immense emotion

distress, psychological harm, and irreparable issues psychologically because of their lack of

actions to protect Plaintiff and their actions which cause aggravated child abuse herein.

88.  The Defendants' in their actions, lack of actions and attacks against Plaintiff, were in

fact, Aggravated Child Abuse and Abuse of a Disabled Person solely committed to control, abuse, and for financial gain and to cause irreparable harm to Plaintiff.

89. Defendents' have neglected their professional sworn Duties as a licensed Professional's and with legal counsel in the State of Florida by neglecting Plaintiff and refusing to do what is in her "Best Interest". Defendents' have no morals and are unscrupulous to achieve protection of their employment and not in the "Best Interest" of the children of Palm Beach County nor of the Plaintiff herein. The Florida Supreme Court has been forced to issue numerous Orders and Directives warning the Unified Family Court to be **FULLY AWARE of INSCUPULIICOUS LAWYERS** especially in Family Court Issues involving Special Injunctive Relief Petitions and child custody of which these Defendants' were or should have been fully aware of and failed to act in Plaintiffs' "Best Interest". Defendents' have cause immense damage and irreparable harm solely for the chance at the golden ring and to look good to the power house of DCF.

90. Defendents' knew their false statements, physical actions, deceitfulness, and misrepresentation of the information imputes to others conduct, characteristics, and/or conditions incompatible with the proper exercise of Plaintiffs' Parenting and Personal Relationships, lawful business, trade, and/or profession.

## CONCLUSION

91. Plaintiff affirms her belief the defendants violated Pursuant to Discrimination against Child with Disabilities "Florida Educational Equity Act." Fla. Constitution Title XLVIII § 1000.05(1) , (2)(a), 2(e), (3)(a), (4); Discrimination: Section 504 and ADA AA; Individuals with Disabilities Education Act (IDEA): Pursuant to Florida State Constitution Articles. I SECTION 2, 4, 5, 9, 16, 17, 23 and 24, Article II Section 5 and 8, IX Section 1, 5; The Family Educational Rights and Privacy Act (FERPA) (20 U.S.C. § 1232g; 34 CFR) § 99.4, § 99.12, § 99.64, Principles of Professional Conduct for the Education Profession in Florida 6A-10.081(1)(a), (b), (c), (2)(a)(1), (3), (4), (5), (6), (7), (9)(b), (1), (2), (c)(1), (2), (4), (6), (8), (9), (14), (15): Principles of Professional Conduct for the Education Profession in Florida and educator misconduct, Misrepresentation and Incompetence, Florida Statutes 607.0850(c)(d), Florida

*BEHR V CAMPBELL, et al*
Case No :

Statutes 722.628d, Florida Statutes Title XLV Chapter 768 Torts Negligence, Florida Statutes 768.81(1)(b), (c).  Florida Statue 827.03(1), (3), (4)(c), (6), (7)(a), (b), (d), 827.03(1)(a)(2), (b)(1), (2), (3)(c), (d), (e)(1) (2), (2)(a), (b), (c), (d) Florida Statue Chapter 39 PART I § 39.001-39.0141, PART II . § 39.201-39.206, PART III § 39.301-39.308, PART IV, § 39.395-39.4091, PART V § 39.501-39.510, PART VI § 39.521-39.524, PART XI § 39.820-39.8298 both facially and as applied against Plaintiff, the Plaintiff's rights guaranteed them under the First, Fourth, Fifth, Sixth, Eighth, Ninth and Fourteenth Amendments to the United States Constitution the Plaintiff, by Defendants' lack of concern, lack of action and as a whipping boy for DCF allowed Plaintiff to be Kidnapped, Held Hostage, Denied the majority of her Civil Rights and to an Education; severely emotionally, psychologically abused by Defendants' and the Defendants' caused aggravated child abuse by their actions and lack of actions as stated above from line 1 through 90 included herein and made part hereof causing lost time with her Dad and brother and ruining her relationships with her 2 sisters and mother.

     **WHEREFORE,** the Plaintiff, Rebekka Anne Behr, Pro Se/Pro Per demands judgment against the Defendents James Campbell, individually and as Principal of Seminole Ridge Community High School of Palm Beach County School District and the Palm Beach County School District for damages and other relief this Court deems just and proper.

                    **PLAINTIFF PRAYS FOR JURY TRIAL**

Respectfully Submitted,

"S" REBEKKA A. BEHR, PRO SE/PRO PER
16822 94th ST. N
Loxahatchee, FL 33470
Telephone: 561-862-9467
Rab16c@my.fsu.edu

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on December 17, 2017, the foregoing was electronically filed with the Clerk of Court using the Florida Court E-Filing Portal, which will electronically serve a copy of the foregoing to: DR. JAMES CAMPBELL, Seminole Ridge Community High School 4601 Seminole Pratt Whitney Rd. Loxahatchee, FL 33470 561-422-2600,

BEHR V CAMPBELL, et al
Case No.:

james.campbell.1@palmbeachschools.org; Palm Beach County School District Superintendent
Dr. Avosso Fulton-Holland Educational Services Center 3300 Forest Hill Blvd. West Palm
Beach, FL 33406 561.434.8000  boardoffice@palmbeachschools.org and by the Palm Beach
County Sheriff's Office.

Designated E-mail Address (es):

**Plaintiff:**

Rebekka Anne Behr, Pro Se/ProPer Rab16c@my.fsu.edu

**Defendants:**

DR. JAMES CAMPBELL, james.campbell.1@palmbeachschools.org

Palm Beach County School District boardoffice@palmbeachschools.org

Respectfully Submitted,

"S" REBEKKA A. BEHR, PRO SE /PRO PER
16822 94th ST. N
Loxahatchee, FL 33470
Telephone: 561-862-9467
Rab16c@my.fsu.edu