Official Form 417A (12/18)



FILED BY _____ D.C.

APR 13 2022

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

18-CV80221-RLR

*[Caption as in Form 416A, 416B, or 416D, as appropriate]*

# NOTICE OF APPEAL AND STATEMENT OF ELECTION

## Part 1: Identify the appellant(s)

1.  Name(s) of appellant(s):
    REBEKKA A. BEHR, PRO SE, LOUIS H. BEHR, PRO SE & MINOR CHILD J.B.

2.  Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

    For appeals in an adversary proceeding.

    ☑ Plaintiff
    ☐ Defendant
    ☐ Other (describe) _____

    For appeals in a bankruptcy case and not in an adversary proceeding.

    ☐ Debtor
    ☐ Creditor
    ☐ Trustee
    ☐ Other (describe) _____

## Part 2:  Identify the subject of this appeal

1.  Describe the judgment, order, or decree appealed from: ORDER DIMISSING COMPLAINT WITH PREJUDICE

2.  State the date on which the judgment, order, or decree was entered: MARCH 18, 2022

## Part 3: Identify the other parties to the appeal

List the names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their attorneys (attach additional pages if necessary):

1.  Party: _____   Attorney: SEE ATTACHED SERVICE LIST
    _____
    _____
    _____

2.  Party: _____   Attorney: _____
    _____
    _____
    _____

## Part 4: Optional election to have appeal heard by District Court (applicable only in certain districts)

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal unless, pursuant to 28 U.S.C. § 158(c)(1), a party elects to have the appeal heard by the United States District Court.  If an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below.  Do not check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.

❑   Appellant(s) elect to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel.

## Part 5: Sign below

Signature of attorney for appellant(s) (or appellant(s)
if not represented by an attorney)

Date: APRIL 6, 2022 _____

Name, address, and telephone number of attorney
(or appellant(s) if not represented by an attorney):
REBEKKA A. BEHR, PRO SE, LOUIS H. BEHR, PRO SE & MINOR CHILD J.B.
102 Lauderdale Lane
Crawfordville, FL 32327

Fee waiver notice: If appellant is a child support creditor or its representative and appellant has filed the form specified in § 304(g) of the Bankruptcy Reform Act of 1994, no fee is required.

[Note to inmate filers:  If you are an inmate filer in an institution and you seek the timing benefit of Fed. R. Bankr. P. 8002(c)(1), complete Director's Form 4170 (Declaration of Inmate Filing) and file that declaration along with the Notice of Appeal.]

## **PART 3 OTHER PARTIES**

Melissa K. Brooks, 12350 WestHanover Circle Wellington, Fl. 33414, 561.398.7106, mb3girls3boys@hotmail.com; Patricia L. Franklin, 7432 Boyer St. Philadelphia, PA 215-6641008, trish@zachbehr.com; Sandra Seder, 500 S. Australian Ave. Ste. 600 West Palm Beach, Fl. 33401, 561.932.1666, sandraseder@att.net; Jurist 2 Fifteenth District Court, 205 N. Dixie Hwy. West Palm Beach, Fl. 33401 (561) 355-2996, ron@matrixmediation.com; Jurist john doe 3, Fifteenth District Court, 205 N. Dixie Hwy. West Palm Beach, Fl. 33401 (561) 355-2996, rricker@pbcgov.org; Jurist 5 Fifteenth District Court, 205 N. Dixie Hwy. West Palm Beach, Fl. 33401, 561.355.2996, CAD-DIVISIONFY@PBCGOV.ORG; Jurist 4 Fifteenth District Court, 205 N. Dixie Hwy. West Palm Beach, Fl. 33401 561-355-2996, clerkweb@mypalmbeachclerk.com; Jurist 1, Fifteenth District Court, 205 N. Dixie Hwy. West Palm Beach, Fl. 33401 561-355-2996, clerkweb@mypalmbeachclerk.com; Florida State Department of Children and Families DCF Headquarters 1317 Winewood Blvd. Building 1, Room 202 Tallahassee, Florida 32399-0700, 850.872.7648, Mike.Carroll@myflfamilies.com; Palm Beach County Department of Children and Families 111 S. Sapodilla Avenue West Palm Beach, Florida 33401, 561-227-6748, info@myflfamilies.com; Florida State Department of Children and Families DCF Headquarters 1317 Winewood Blvd. Building 1, Room 202 Tallahassee, Florida 32399-0700, 850.872.7648, Mike.Carroll@myflfamilies.com; Kathy Hudson PBCDCF 111 S. Sapodilla Avenue West Palm Beach, Florida 33401, 561-227-6748, Kathy.Hudson@myflfamilies.com; Palm Beach County Criminal Conflict and Civil Regional Counsel 401 South Dixie Highway 2nd Floor 52 West Palm Beach, FL 33401, 561-837-5156, RC4Appellatefilings@rc-4.com; Palm Beach County Attorney General Office 401 North Dixie Highway West Palm Beach, FL 33401, StateAttorney@sa15.org; (561) 355-7100;Florida Office of Inspector General, Florida Department of State R. A. Gray Building 500 S. Bronough Street Tallahassee, Florida 32399-0250, 850.245.6195, OIG@DOS.MyFlorida.com; Florida Guardian Ad Litem Program Statewide The Holland Building 600 South Calhoun Street, Suite 274 Tallahassee, FL 32399-0979, 850-922-7213, Director@gal.fl.gov; Palm Beach County Guardian Ad Litem Program 205 N Dixie Hwy Ste 4.1100 West Palm Beach, FL, 33401-4522, 561-3556224, GALRecruitment15@gal.fl.gov; Kristin Tolbert, Psy.D., Psychological Center for Expert Evaluations, Inc. 3307 Northlake Blvd  Suite 101 Palm Beach Gardens, Florida 33403, 561-600-4022, drktolbert@gmail.com; Julie Demar, Child Home Society 3333 Forest Hill Boulevard West Palm Beach, FL 33406, 561-868-4300, Julie.DeMar@chsfl.org; Roberta Fenner, PO Box 2874 Palm Beach, FL 33480-2874, 561-790-7900, robertafenner@gmail.com; Stacey Taggert PBCDCF 111 S. Sapodilla Avenue West Palm Beach, Florida 33401, 561-837-5156, Stacey.Taggert@myflfamilies.com; The Palm Beach County School District Fulton-Holland Educational Services Center 3300 Forest Hill Blvd. West Palm Beach, FL 33406, 561-434-8000, superintendent@palmbeachschools.org; James Campbell, Ph.D., Seminole Ridge Community High School 4601 Seminole Pratt Whitney Rd. Loxahatchee, FL 33470 561.422.2600, james.campbell.1@palmbeachschools.org; J. Erik Bell, Esq. C/O The Palm Beach County School District P.O. Box 19239 West Palm Beach, FL 33416-9239, 561-434-8562, jon.bell@palmbeachschools.org; Defendant jurist John Doe 1 – 8, Defendant John Doe 1 – 100.



The Behr Family
102 Lauderdale Ln
Crawfordville, FL 32327



Federal Court Southern Division
Paul G. Rogers Federal building
and u.s. Courthouse
701 Clematis Street, Room 202
West Palm Beach, FL 33401

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 9:18-CV-80221-RLR

REBEKKA ANNE BEHR, et al.,

      Plaintiffs,

v.

DR. JAMES CAMPBELL, et al.,

      Defendants.

_____/

## ORDER GRANTING MOTION TO DISMISS AND
## DISMISSING THE THIRD AMENDED COMPLAINT WITH PREJUDICE

This cause comes before the Court on James Campbell's and the School Board of Palm Beach County's Motion to Dismiss Plaintiffs' Third Amended Complaint, as well as the Court's *sua sponte* review of the Complaint.[1]  The Court has carefully considered the briefing on the Motion to Dismiss and the entire record and is otherwise fully advised in the premises.  For the reasons set forth below, the Motion to Dismiss [DE 96] is **GRANTED**, and the Third Amended Complaint is **DISMISSED WITH PREJUDICE**.

### I.  PROCEDURAL HISTORY

The procedural posture of this case is relevant to the Court's analysis of the Motion to Dismiss that is currently before the Court and to its *sua sponte* review.  Rebekka Behr filed the original Complaint in state court raising six counts against two Defendants, Mr. Campbell and the

---

[1] Although Plaintiffs have consistently named the Palm Beach County School District as a Defendant, the School Board of Palm Beach County has responded as the proper party. *See, e.g.*, Fla. Stat. § 1001.32(2) (requiring a school board to operate, control, and supervise a school district in Florida); *Limones v. Sch. Dist. of Lee Cnty.*, 161 So. 3d 384, 388 n.1 (Fla. 2015) (noting a concession, where a school district had been named as a defendant, that the proper party was the school board).  Mr. Campbell and the School Board of Palm Beach County are the only Defendants to have appeared in this case to date and, to the Court's knowledge, are the only Defendants to have been served.

School Board of Palm Beach County. Those two Defendants removed the case to this Court and

then moved to dismiss the Complaint. DE 1, 3. A Magistrate Judge reviewed the Motion to

Dismiss and recommended that it be granted and that the Complaint be dismissed with leave to

replead. DE 34. The Magistrate Judge's report explained that the Complaint contained rambling

and repetitive allegations and failed to contain a short and plain statement showing entitlement to

relief, as required under Fed. R. Civ. P. 8. The report made the following suggestions for

repleading:

> Plaintiff should file an Amended Complaint that conforms to Rule 8(a)(2), which
> requires that the Complaint contain "a short and plain statement of the claim
> showing the pleader is entitled to relief." One way to do so would be by laying out
> a separate count for each alleged basis for recovery that includes: (1) the wrong that
> was done to Plaintiff, (2) which Defendant(s) committed that wrong, (3) the facts
> establishing that wrong (including dates when the wrong occurred), (4) the law that
> Defendant(s) allegedly broke, and (5) the relief that the Plaintiff seeks for that
> wrong.

*Id.* at 4-5. Ms. Behr did not object to the Magistrate Judge's report, and the Court adopted the

report as its Order. DE 39.

Ms. Behr then filed an Amended Complaint together with Louis Behr on behalf of himself

and his minor child J.B. DE 43. The Amended Complaint named 21 Defendants in addition to

John Doe Defendants, among them private individuals, attorneys, court systems, and various

governmental entities, offices, and officers. The Amended Complaint raised 30 counts, each of

which incorporated hundreds of paragraphs of background allegations as well as the allegations

within to each preceding count. The Court dismissed the Amended Complaint *sua sponte* and

again granted leave to replead. DE 50. The Court ruled that the Amended Complaint failed to

comply with federal pleading standards and with the repleading suggestions made in the Magistrate

Judge's prior report and was a shotgun pleading. The Court explained that a shotgun pleading is

2

one that incorporates by reference all factual allegations into each count, makes it impossible to know which allegations correspond to which claims against which defendants, lumps multiple defendants together, and/or fails to permit the defendants and the Court to ascertain the claims being pled and the grounds on which they rest.

Plaintiffs then filed a Second Amended Complaint naming 18 Defendants in addition to John Doe Defendants and raising 30 counts. DE 56. The Court dismissed the Second Amended Complaint with prejudice *sua sponte*, ruling that the claims sought to challenge the result of a state child custody dispute, were inextricably intertwined with the state court's decisions, and were barred under the *Rooker-Feldman* doctrine. DE 57.

Plaintiffs appealed, and the Eleventh Circuit Court of Appeals reversed this Court's ruling that the *Rooker-Feldman* doctrine barred all of Plaintiffs' claims. DE 64. The Eleventh Circuit concluded that the following claims were not barred: (1) a due process claim for use of falsified and/or coerced information, restriction of access to the courts, and denial of adequate legal counsel; (2) a discrimination claim based on age, gender, disability, and religious beliefs; and (3) a claim of alleged unlawful search of Mr. Behr's home.

When the case returned to this Court, Mr. Campbell and the School Board of Palm Beach County moved to dismiss the Second Amended Complaint, and the Court granted that Motion, once more giving Plaintiffs leave to replead. DE 74, 85. The Court ruled that the Second Amended Complaint was a shotgun pleading because every count adopted all of the preceding allegations and because the Complaint asserted claims against multiple Defendants without specifying the misconduct for which each Defendant was responsible, which was especially problematic given the large number of named Defendants. The Court instructed Plaintiffs to file a fourth Complaint

and gave specific requirements for the repleading.  First, the next Complaint was to be limited to the claims that the Eleventh Circuit had concluded were not barred.  Second, "None of the three Counts should incorporate every prior paragraph by reference; rather, the Plaintiffs shall only incorporate those select paragraphs that support the Count."  DE 85 at 3 (emphasis in original). Third, "Plaintiffs shall avoid general references to 'Defendants' or 'Individual Defendants'; they shall instead identify the relevant individuals and/or entities with precision in each of their allegations."  *Id.*  The Court expressed its expectation that, if Plaintiffs complied with these requirements, the next Complaint would be significantly shorter in length and easier to understand, and it would be easier for Plaintiffs to avoid shotgun pleading issues.  And the Court warned that it had dismissed each of the prior Complaints as a shotgun pleading and had discretion to dismiss any further shotgun pleading with prejudice.

Plaintiffs subsequently filed the Complaint currently at issue, the Third Amended Complaint.  DE 95.  Count 1 is titled "Procedural and Substantive Due Process," count 2 is titled "Discrimination," count 3 is titled "Unlawful Search and Seizure," and count 4 is titled "Equal Protection."[2]  Mr. Campbell and the School Board of Palm Beach County have moved to dismiss this latest Complaint, arguing that it is again a shotgun pleading and that it fails to state a claim against them on which relief can be granted.  DE 96.

## II.    LEGAL STANDARD

A shotgun pleading violates the requirement in Rule 8 of the Federal Rules of Civil Procedure that a pleading contain a short and plain statement of the claim showing that the pleader

---

[2] Giving Plaintiffs the benefit of the doubt, the Court construes count 4 as providing the legal basis for Plaintiffs' discrimination claim in count 2 rather than a violation of the Court's Order that the Third Amended Complaint be limited to the three claims that the Eleventh Circuit ruled were not barred.

is intitled to relief. *Vibe Micro Inc. v. Shabanets*, 878 F.3d 1291, 1294-95 (11th Cir. 2018); *see* Fed. R. Civ. P. 8(a)(2). A shotgun pleading fails to some degree give the defendants adequate notice of the claims against them and the grounds on which each claim rests. *Vibe Micro*, 878 F.3d at 1295.

There are four basic categories of shotgun pleadings. *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321 (11th Cir. 2015). First and most commonly, a pleading is shotgun if it contains "multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Id.* Second, a pleading is shotgun if it is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1322. Third, a pleading is shotgun if it does not separate each cause of action or claim for relief into a different count. *Id.* at 1323. Fourth and finally, a pleading is shotgun if it asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.*

The Eleventh Circuit has criticized shotgun pleadings as wasting scarce judicial resources, inexorably broadening the scope of discovery, wreaking havoc on appellate court dockets, and undermining the public's respect for the courts. *See Vibe Micro*, 878 F.3d at 1295; *see also Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279 (11th Cir. 2006) ("Shotgun pleadings wreak havoc on the judicial system. Such pleadings divert already stretched judicial resources into disputes that are not structurally prepared to use those resources efficiently." (alteration and quotation marks omitted)). Thus, the Eleventh Circuit has said that, even in cases where the parties

5

do not raise a shotgun pleading issue, courts have a "supervisory obligation" to address shotgun

pleading problems *sua sponte*. *Wagner*, 464 F.3d at 1275; *see also Vibe Micro*, 878 F.3d at 1295

("A district court has the inherent authority to control its docket and ensure the prompt resolution

of lawsuits, which includes the ability to dismiss a complaint on shotgun pleading grounds."

(quotation marks omitted)).

### III.  ANALYSIS

The Court first addresses the issue of who, precisely, is named as a Defendant in the Third

Amended Complaint.  As best the Court can discern, there are at least 20 named Defendants, in

addition to Defendant John Does 1 through 100, and "Jurist John Doe[s]" 1 through 8 who appear

to be unnamed judicial officers.  The Court's ability to ascertain who is intended as a Defendant

is made difficult because the very first paragraph of the Complaint provides a long list of various

individuals and entities.  *See* DE 95 ¶ 1.  Some of the individuals are described as being employed

by some of the entities, and therefore it is unclear exactly which entities are intended to be named

as Defendants in their own right.  The caption of the Complaint does not lend clarity because

Plaintiffs have not listed all of the intended Defendants in the caption; the caption lists only five

Defendants.  The section of the Complaint titled "Defendants" does not lend clarity because, rather

than devote one paragraph each solely to the identification of the named Defendants, the section

comingles factual allegations and legal conclusions.  *See id.* ¶¶ 17-34.  As far as the Court can

ascertain, the Third Amended Complaint names as Defendants 11 individuals (consisting of

Mr. Behr's ex-wives, public and private attorneys, investigators, school principals, a psychologist,

and a foster care supervisor) and 9 entities (consisting of state and county social services

6

departments, state and county attorney offices, state and county guardian ad litem programs, a school district, and the state Office of the Inspector General).

The Third Amended Complaint contains 166 paragraphs of background allegations before reaching the first claim for relief. In addition, Plaintiffs have attached to the Complaint as Exhibit A a document containing 481 more paragraphs of allegations, which Plaintiffs label "factual history." *See* DE 95-1. All of these allegations—647 paragraphs in total—are incorporated into each of Plaintiffs' three claims for relief. *See* DE 95 ¶¶ 167-68, 175-76, 181-82. Plaintiffs have not complied with this Court's prior Order to forego wholesale incorporation and to instead selectively incorporate only those paragraphs supporting each claim. *See* DE 85 at 3 ("None of the three Counts should incorporate every prior paragraph by reference; rather, the Plaintiffs shall only incorporate those select paragraphs that support the Count." (emphasis in original)).

True, Plaintiffs no longer incorporate the paragraphs within a count into each subsequent count. As an example, the paragraphs in the first count for procedural and substantive due process, paragraphs 167 through 174, are not incorporated into the second or third count. But that is no matter because, instead, Plaintiffs have essentially pasted each of the allegations from count 1 into counts 2 and 3. Count 1 includes an allegation that "Defendants have denied Plaintiffs' right to substantive due process, inter alia:" that is followed by a list of 14 alleged substantive due process violations. DE 95 ¶ 171. That same allegation with a nearly identical list appears in both count 2 and 3, which purport to be brought for discrimination and unlawful search and seizure, not for substantive due process violations. *See id.* ¶¶ 178, 184 ("Defendants have denied Plaintiffs' right to substantive due process, inter alia: . . . ."). Counts 1, 2, and 3 each include an allegation that

7

"Defendants' policies, practices, acts and omissions in operating Florida's [Department of Children and Families] investigations and foster care program constitutes a failure to provide Rebekka and Jacob with reasonably safe placements and protection from harm while in state custody." *Id.* ¶¶ 172, 179, 185. Counts 1, 2, and 3 each include an allegation that "Defendants' policies, practices, acts and omissions in operating Florida's [Department of Children and Families] investigations and foster care program constitute failure to provide Rebekka and Jacob with care that is consistent with competent professional judgment." *Id.* ¶¶ 173, 180, 186. Upon comparison, and especially considering the 647 paragraphs of allegations incorporated into each count, counts 1, 2, and 3 are nearly indistinguishable. The Third Amended Complaint constitutes a shotgun pleading under the first category discussed in *Weiland* and does not comply with this Court's previous Orders instructing Plaintiffs as to how to avoid shotgun pleading. *See Weiland*, 792 F.3d at 1321 ("The most common type [of shotgun pleading]—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint."); *see also* DE 34, 50, 85.

The Third Amended Complaint also brings each claim against numerous Defendants and fails to give any one Defendant fair and adequate notice of the acts or omissions for which the Defendant is being held accountable. Each count is brought against all of the Defendants collectively—20 or more named Defendants plus an unknown number of John Doe Defendants. Each count attributes all of the alleged constitutional violations to all of the Defendants collectively. *See, e.g.*, DE 95 ¶ 171 ("Defendants have denied Plaintiffs' right to substantive due process, inter alia: . . . ."); *id.* ¶ 172 ("Defendants' policies, practices, acts and omissions in

(quotation marks omitted)).   Because the Third Amended Complaint constitutes a shotgun pleading, it must be dismissed.

As for whether the dismissal is with or without prejudice, the Court concludes that the time has come for the opportunities for repleading to end and for the Complaint to be dismissed with prejudice.  Plaintiffs have now filed four Complaints in this matter.  Mr. Campbell and the School Board of Palm Beach County have filed three Motions to Dismiss, each time raising shotgun pleading as an issue.  *See* DE 3, 74, 96.  The Court has expended significant juridical resources to sift through each of the lengthy Complaints.  The Court has dismissed each of the four Complaints as a shotgun pleading.  In each of the prior Orders dismissing on shotgun pleading grounds, the Court offered suggestions or made outright requirements for how to avoid shotgun pleading.  The Third Amended Complaint demonstrates to the Court that its suggestions and requirements have not been heeded.[3]  The Court concludes that giving Plaintiffs another opportunity to avoid shotgun pleading by filing a fifth version of the Complaint would be futile.

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that James Campbell's and the School Board of Palm Beach County's Motion to Dismiss Plaintiffs' Third Amended

---

[3] Multiple cases support the dismissal without leave to replead of a *pro se* pleading on shotgun pleading grounds where the *pro se* plaintiff has been advised of the deficiencies in the pleading and has failed to correct them. *See, e.g., Weil v. Phillips*, 816 F. App'x 339, 342 (11th Cir. 2020) (affirming a district court's dismissal of a *pro se* shotgun pleading where the court told the plaintiff "the problem with his complaint and gave him an opportunity to amend it to fix the problem, but, instead he did the same thing—alleging a shotgun pleading—in his second amended complaint"); *Sarhan v. Miami Dade Coll.*, 800 F. App'x 769, 772-73 (11th Cir. 2020) ("The district court provided [the plaintiff] with ample warnings of his complaints' deficiencies and repeatedly gave him the opportunity to address the deficiencies. He chose not to do so. Accordingly, the district court did not abuse its discretion in dismissing the fourth amended complaint with prejudice."); *Arrington v. Green*, 757 F. App'x 796, 798 (11th Cir. 2018) ("[I]n its order dismissing Arrington's original complaint, the district court informed Arrington of the shotgun-nature of his pleading and gave him an opportunity to re-plead his federal claims. We therefore conclude the district court acted within its discretion in dismissing Arrington's amended complaint, which failed to correct the deficiencies previously identified by the district court.").

Complaint [DE 96] is **GRANTED**.  The Third Amended Complaint [DE 95] is **DISMISSED WITH PREJUDICE**.  This case shall remain closed.

      **DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 17th day of March, 2022.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to: Plaintiffs, Counsel of Record

11